UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kennth Delnicki,<br><br>     Plaintiff,<br> v.<br><br>Howard Lee Schiff, P.C.; and DOES 1-10,<br>inclusive,<br><br><br>     Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Kennth Delnicki, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kennth Delnicki ("Plaintiff"), is an adult individual residing in Eastford, CT, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Howard Lee Schiff, P.C. ("Howard"), is a Connecticut business

entity with an address of 510 Tolland Street, East Hartford, CT 06108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Howard and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Howard at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      A financial obligation (the "Debt") was incurred to a Windham Community Memorial Hospital (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Howard for collection, or Howard was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Howard Engages in Harassment and Abusive Tactics

12.     On or about November 5, 2009, Howard sent the Plaintiff a collection notice seeking payment from the Plaintiff in the amount of $200.00.

13.     On or about November 30, 2009, the Plaintiff disputed the validity of the debt via written correspondence mailed to the Defendant.

14.     The Defendant did not obtain verification of the debt and send it to the Plaintiff.

15.     The Defendant filed suit on behalf of the Creditor on or around January 15, 2010, thereby continuing collection activities even though it had failed to obtain verification of the debt and send it to the Plaintiff.

## C. Plaintiff Suffered Actual Damages

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though they had failed to obtain verification of the debt and send it to the Plaintiff once the Plaintiff rightfully disputed the validity of the debt.

22.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

## Conn. Gen. Stat. § 42-110a, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

25.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. §

42-110a(3).

26.     The Defendants engaged in unfair and deceptive acts and practices in the conduct

of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

27.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

## COMMON LAW FRAUD

28.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

29.     The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute fraud under the Common Law of the State of Connecticut.

30.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the

Defendants. All acts of the Defendants and the Collectors complained of herein were committed

4

with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 19, 2010

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorney for Plaintiff